# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOIS LAWLESS, WIDOW OF
PHILLIP LAWLESS JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 17-0603** (BOR Appeal No. 2051789)
                    (Claim No. 980008783)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**MET TRANSPORT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lois Lawless, widow of Phillip Lawless Jr., by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

The issue on appeal is whether Mrs. Lawless is entitled to dependent's benefits. The claims administrator rejected the claim on March 28, 2014. The Office of Judges affirmed the decision in its December 28, 2016, Order. The Order was affirmed by the Board of Review on June 8, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Lawless, a fire boss, worked in the coal mines for almost twenty years. On March 22, 1988, the Occupational Pneumoconiosis Board issued findings. Mr. Lawless reported shortness of breath for four to five years. Chest x-rays showed fine irregular nodular fibrosis in a moderate amount, which was the result of occupational pneumoconiosis. Pulmonary function studies showed an FVC of 125% predicted, an FEV1 of 130% predicted, and an FEV1/FEC ration of eighty. The Occupational Pneumoconiosis Board found no permanent impairment due to Occupational Pneumoconiosis.

The Occupational Pneumoconiosis Board next issued findings on October 8, 1998. At that time, Mr. Lawless had nineteen years of exposure. He was a nonsmoker. X-rays were interpreted as showing no change from the 1988 x-rays. Pulmonary function studies showed an FVC of 118% of predicted, and FEV1 of 125%, and an FEV1/FVC ratio of seventy-nine. The Occupational Pneumoconiosis Board found 5% impairment due to occupational pneumoconiosis.

Treatment notes from St. Luke's Hospital dated November 19, 1999, indicate Mr. Lawless was admitted for dizziness, inability to walk, and occasional shortness of breath. The initial diagnosis was idiopathic syncope, chronic obstructive pulmonary disease, hypertension, prostate carcinoma, questionable chest pain, and a urinary tract infection. On February 2, 2010, Mr. Lawless was again admitted to the hospital. Treatment notes from Bluefield Regional Hospital indicate he was admitted for dizziness and fainting. He was diagnosed with low blood pressure likely secondary to midodrine. An echocardiogram was normal. A chest CT revealed a small pulmonary emboli. Mr. Lawless was transferred to Roanoke Memorial Hospital on February 7, 2010. The discharge summary lists the diagnosis as idiopathic severe symptomatic orthostatic hypotension.

On February 22, 2012, Mr. Lawless was admitted to Bluefield Regional Hospital for severe syncope. He was again diagnosed with significant orthostatic hypotension. The discharge summary indicated Mr. Lawless had a history of Shy-Drager syndrome, which caused urinary retention.

Treatment notes by Todd Smith, D.O., dated May 8, 2012, indicate Mr. Lawless had experienced weakness for the past five years in his arms, legs, hands, and feet. He also had symptoms of arthralgia, muscle atrophy, muscle tenderness and pain, numbness, tingling, and urinary bladder dysfunction. However, Mr. Lawless was not complaining of shortness of breath. He was diagnosed with high blood pressure, high cholesterol, rheumatoid arthritis, generalized weakness, and a frozen shoulder. On June 5, 2012, Dr. Smith again noted that Mr. Lawless reported no shortness of breath. He was diagnosed with Shy-Drager syndrome.

Emergency department records from Princeton Community Hospital from May 16, 2012, indicate Mr. Lawless was treated for syncope. An MRI of Mr. Lawless's brain showed moderate central and cortical atrophy, bilateral mastoid air cell fluid consistent with bilateral mastoiditis, and chronic ischemic changes in the centrum semiovale. A chest x-ray showed mild chronic obstructive pulmonary disease. A chest x-ray taken on July 4, 2012, was unremarkable.

2

Mr. Lawless was admitted to Princeton Community Hospital on July 5, 2012, for an altered mental status. He was diagnosed with a urinary tract infection, dehydration, altered mental status, thrombocytopenia, multisystem atrophy with autonomic failure, and Shy-Drager syndrome. On discharge, Mr. Lawless was more alert and conversive. He denied chest pain, shortness of breath, cough, or productive sputum.

Mr. Lawless passed away on January 26, 2013. His death certificate lists the cause of death as cardiovascular arrest, chronic respiratory failure, and Shy-Drager syndrome. Antonio Dy, M.D., performed an autopsy. His February 20, 2013, report indicates he obtained samples from both lungs. He opined that the immediate cause of death was hemorrhagic bronchopneumonia. There was also "distributed carbon dusts of anthracotic pneumoconiosis with dramatic presence of dense scarring, hyalinized nodules with distributed dust in the sections of the lower lobe of the left lung. In addition, the sections of the peribronchial lymph nodes revealed prominent dust-laden microphages, hyalinized nodules, and extension of dust into the surrounding periodontal soft tissue."

Dr. Dy wrote a letter to Mrs. Lawless on May 13, 2013, describing Mr. Lawless's autopsy slides. He stated that the lower lobe of the right lung had advanced fibrosis in the form of nodular hyalinized scarring due to pneumoconiosis, which is more commonly known as black lung, due to his extensive number of years working in a coal mine. The pneumoconiosis combined with pneumonia resulted in Mr. Lawless's death.

After reviewing the medical records, the Occupational Pneumoconiosis Board determined that occupational pneumoconiosis was not a material contributing factor in Mr. Lawless's death on February 13, 2014. The claims administrator denied Mrs. Lawless's request for dependent's benefits on March 28, 2014.

In a June 6, 2016, report, Michal Warhol, M.D., reviewed the lung sample slides from Mr. Lawless's autopsy and agreed with Dr. Dy's conclusion that there was evidence of pneumoconiosis. However, Dr. Warhol believed the extent of the lung damages was not sufficient enough to have contributed to Mr. Lawless's death.

The Occupational Pneumoconiosis Board testified in a hearing on December 7, 2016. Jack Kinder, M.D., noted that the death certificate listed the causes of death as Shy-Drager syndrome, cardiovascular arrest, and chronic respiratory failure. He explained that Shy-Drager syndrome is an autonomic neuropathy. People who have it usually eventually pass away due to an opportunistic infection or aspiration pneumonia because the disease causes the lungs to weaken. Dr. Kinder stated that Shy-Drager syndrome is a terminal disease which through neurological deterioration causes respiratory failure through recurrent infections, difficulty breathing, and difficulty clearing secretions. Dr. Kinder also testified that he reviewed the conclusions of Drs. Dy and Warhol. He agreed that the pathology slides showed evidence of occupational pneumoconiosis but did not believe that it materially contributed to Mr. Lawless's death. He reasoned that Mr. Lawless had symptoms of hypotension and dizziness from 1999 on, which means he most likely had Shy-Drager syndrome for years before actually being diagnosed. Shy-Drager syndrome is progressive and usually leads to death with the average person living

about eight years after diagnosis. Dr. Kinder opined that Mr. Lawless had aggressive neurologic deterioration that ultimately caused his death. Dr. Kinder asserted that Mr. Lawless would have died when he did and how he did even without the presence of occupational pneumoconiosis, which was minimal. Mallinath Kayi, M.D., agreed with Dr. Kinder's assessment.

The Office of Judges affirmed the claims administrator's rejection of the claim in its December 28, 2016, Order. It found that Dr. Dy, Dr. Warhol, and the Occupational Pneumoconiosis Board all agreed that Mr. Lawless had changes in his lungs consistent with occupational pneumoconiosis. However, Dr. Warhol and the Occupational Pneumoconiosis Board did not believe that the occupational pneumoconiosis materially contributed to his death. They opined that Mr. Lawless died due to Shy-Drager syndrome which Dr. Kinder, of the Occupational Pneumoconiosis Board, explained causes respiratory failure through recurrent infections, difficulty breathing, and difficulty clearing secretions. Hypotension is also a symptom and individuals with the syndrome die between eight and twelve years after diagnosis. The Office of Judges concluded that Dr. Warhol and the Occupational Pneumoconiosis Board's conclusions are consistent with the evidence of record. Mr. Lawless had 5% impairment due to occupational pneumoconiosis. His syncope symptoms began in 1999. In 2008, he was diagnosed with autonomic neuropathy and was diagnosed multiple times with hypotension. Ultimately, he was found to have Shy-Drager syndrome. The Office of Judges concluded that nearly all of the recent treatment notes emphasize Mr. Lawless's Shy-Drager syndrome. The Office of Judges noted that Dr. Dy opined that the occupational pneumoconiosis was a material, contributing factor in the decedent's death. However, the Office of Judges concluded that the weight of the evidence indicates Mr. Lawless died as a result of Shy-Drager syndrome. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 8, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The weight of the evidence indicates Mr. Lawless had very mild impairment due to occupational pneumoconiosis and that his death was the result of Shy-Drager syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

4

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum